## CIRCUIT COURT OF THE CITY OF RICHMOND

Craigie, Inc.

   v.

Legg Mason Wood
Walker, Inc., et al.

July 17, 1990

Case No. LR-3825-4

By JUDGE RANDALL G. JOHNSON

This case is before the court under the Uniform Arbitration Act, Va. Code. § 8.01-581.01 *et seq.* Specifically, petitioner asks the court to vacate an arbitration award on two grounds: first, that the arbitration panel improperly refused to admit evidence material to the presentation of petitioner's claim; and, second, that the arbitrators' decision was entered in manifest disregard of the law of unfair competition, fiduciary duty and duty of loyalty. The court rejects petitioner's arguments on both grounds, denies the request to vacate, and grants the respondents' cross-motion to confirm the award.

### 1. *Facts*

Only a brief summary of the facts involved in this case is necessary. Petitioner, Craigie, Inc., and respondent Legg Mason Wood Walker, Inc., are investment firms. Seven individual officers and/or employees of Legg Mason are also named as respondents. In February, 1988, Craigie filed a Statement of Claim with the New York Stock Exchange

accusing Legg Mason and the individual respondents of unfair competition and "raiding," the term raiding being used to describe the practice of illegally inducing employees of one investment firm to leave that firm to work for a competing firm. The parties agreed to submit the matter to arbitration. On November 8, 1989, after a seventeen-day evidentiary hearing, the arbitration panel issued a written award of non-liability in favor of respondents. It is that award which petitioner now seeks to have vacated.

## 2. *Discussion*

In deciding whether the arbitrators' award is to be vacated, the court does not act "as a second arbitrator, but, in effect, as an appellate tribunal with a limited scope of review." *Wayne Insulation Co., Inc. v. Hex Corp.*, 534 .F.2d 1279, 1281 (D.C. App. 1987). *See also Fireman's Fund Ins. Co. v. Flint Hosiery Mills, Inc.*, 74 F.2d 533, 536 (4th Cir. 1935), *cert. denied*, 295 U.S. 748, 55 S. Ct. 826, 79 L. Ed. 1692 (1935) ("[A] court may not substitute its judgment for that of the arbitrators . . . ."). It is with these principles in mind that Craigie's petition must be considered.

Craigie first argues that the arbitration panel erred in not allowing material evidence to be introduced by Craigie. Specifically, Craigie sought to present evidence of respondent Legg Mason's legal positions and arguments in other arbitration proceedings, as well as arbitration decisions in other cases not involving Legg Mason. Craigie argues that evidence of Legg Mason's positions and arguments in other cases would have shown the arbitrators that it, Legg Mason, did not really believe in the positions and arguments it was setting forth here. In addition, evidence of other arbitration proceedings would, according to Craigie, establish the custom in the industry regarding raiding. The arbitration panel rejected these arguments and refused to allow the evidence tendered. The court agrees with the action of the panel.

The other arbitration proceedings involving Legg Mason which Craigie cites as being material to this case are cases in which Legg Mason had accused other investment firms of raiding Legg Mason. According to Craigie, those cases would have shown that Legg Mason knew that what

it did to Craigie here was raiding, since it complained when others did the same thing to Legg Mason. As the arbitrators correctly concluded, however, the only way to determine whether what Legg Mason's competitors did to Legg Mason in each of those other cases was the same thing that Legg Mason did to Craigie here would be to have a trial on each of those other cases. Only by so doing could the arbitrators know that all of the facts alleged by Craigie to have taken place here also occurred in the other cases involving Legg Mason. The arbitrators refused to conduct such "mini-trials," and the court believes they were correct in doing so.

Moreover, even if Legg Mason *had* taken positions in previous cases which are inconsistent with the position it took in this case, such action does not effect the arbitrators' decision here. The issue before the arbitrators was whether Legg Mason and the other respondents engaged in an unlawful practice called raiding against Craigie, not whether other investment firms engaged in raiding against Legg Mason. This is true whether or not Legg Mason agreed or disagreed that Legg Mason had ever been raided. The decision, after all, was the arbitrators', not Legg Mason's. Thus, Legg Mason's positions and arguments in other cases were simply not relevant or material to the issues before the arbitrators.

Similarly, the decisions of other arbitration panels in other cases not involving Legg Mason are also irrelevant and immaterial *as evidence*. While such decisions might properly be submitted by way of argument the same way court decisions are cited as precedent, the court is aware of no rule allowing such decisions to be introduced into evidence during arbitration. Again, the arbitration panel did not err by excluding them.

Finally, the court does not agree with Craigie that the arbitration panel made its decision in manifest disregard of the law of unfair competition, fiduciary duty, and duty of loyalty. The panel simply made its decision based on its findings of the facts, and its application of the relevant law to those facts. While the court will not attempt here to summarize seventeen days of hearings, nearly 300 exhibits, or testimony of eighteen witnesses involved in the arbitration proceedings, the court is

satisfied from its review of the record that no manifest error of law occurred.

### 3. *Conclusion*

The parties to this action agreed to be bound by arbitration conducted under the auspices of the New York Stock Exchange. Having found no error in the proceedings or decisions of the arbitration panel, the court denies Craigie's petition to vacate the award and grants respondents' cross-motion to confirm it.